UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>SHANNTAYE EBONY HICKS,<br><br>Defendant/Movant. | No. 2:13-cr-0190 MCE DB<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding pro se and in forma pauperis with a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Movant challenges her 2015 guilty-plea conviction and 292-month sentence for two counts of transportation of a minor in violation of 18 U.S.C. § 2423(a). Movant alleges (1) her due process rights were violated because she did not understand the consequences of her plea; and (2) her Sixth Amendment rights were violated because (a) her attorney failed to file an appeal and to petition for a writ of certiorari; (b) her attorney failed to explain the appeal process and sentencing range, and (c) her attorney failed to petition the court for a mental health evaluation. (Oct. 11, 2016 Mot. to Vacate (ECF No. 73).)

On September 1, 2017, respondent filed a motion to dismiss and answer. (ECF No. 77.) Movant did not file a reply or traverse. For the reasons set out below, the court will recommend the motion to vacate be denied.

1

# BACKGROUND

On July 11, 2013, a superseding indictment was filed, charging movant with three counts of violation of 18 U.S.C. § 1591(a)(1), sex trafficking of a minor; one count of violation of 18 U.S.C. § 1591(a)(1), sex trafficking of a person by force, fraud, or coercion; two counts of violation of 18 U.S.C. § 2423(a), transportation of a minor; one count of violation of 18 U.S.C. § 2251(a), production of child pornography; and one count of violation of 18 U.S.C. § 1512(b)(2)(B), witness tampering. (ECF No. 16; Excerpt of Record ("ER") (Ex. 1 to Govt.'s Answ. (ECF No. 77-1)) at 63-72.) On September 5, 2014, movant pled guilty to Counts Two and Three of the superseding indictment, each of which charged transportation of a minor, in violation of 18 U.S.C. § 2423(a). (ECF No. 46; ER 29-44.). Movant's plea agreement included a waiver provision that stated:

> The defendant understands that the law gives the defendant a right to appeal her guilty plea, conviction, and sentence. The defendant agrees as part of her plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed 365 months. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.
>
> Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.
>
> In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.
>
> Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate her plea, dismiss the underlying charges, or modify or set aside her sentence on any of the counts to which she is pleading guilty, the government shall have the rights set forth in paragraph II.E (Defendant's Violation of Plea Agreement) herein.

(ER 55-56.)

////

At her change of plea hearing, movant acknowledged, under oath, she had never been treated for "any type of mental illness," and that she was "fully satisfied with the advice and representation given to [her] in this case by [her] attorney." (ER 32.) Movant also acknowledged her desire to voluntarily enter a plea of guilty because she was "in fact guilty of the crime[s] set forth in the plea agreement." (Id. at 33) Movant's counsel and government counsel agreed that neither knew of "any reason why [movant was] not competent to enter a [guilty] plea [that day]." (Id. at 32.) Thereafter, government counsel summarized the essential terms of the plea agreement between the parties, on the record.

Among other provisions of the agreement, government counsel summarized: "the government will recommend that [movant] be sentenced at the bottom of the applicable guideline range for her offense. The parties anticipate this range will be 292 to 365 months based on an anticipated Criminal History Category of I." (ER 35.) Movant was also apprised that, in the plea agreement, she and the government had agreed "there [was] no material dispute as to the sentencing guideline variables and stipulate[d] to the calculations set forth on pages 10 and 11 of the plea agreement." (Id. at 36.) Government counsel apprised movant that "with regard to sentencing, the parties agree[d] that [movant was] permitted to make an argument in mitigation pursuant to 18 United States Code Section 3553, but in no event [could movant] attempt to argue for a sentence below the mandatory minimum sentence of ten years of imprisonment." (Id.) Government counsel apprised movant that the government "reserve[d] the right to oppose any variance under 18 U.S.C. 3553." (Id.) Finally, government counsel apprised movant that her "plea agreement include[d] the waiver of certain rights including the right to appeal and collateral attack of the guilty plea, conviction and sentence imposed in this case as long as the sentence does not exceed 365 months." (Id.) Movant acknowledged the accuracy of government counsel's summary of the terms of her plea agreement. (Id. at 37.)

Movant acknowledged to the court that no one had made any other promises to her to try to induce her to enter a guilty plea. (ER 37.) She also acknowledged no one had threatened her to try to force her to enter a guilty plea. (Id.) She acknowledged she understood the maximum penalty for the crimes to which she was pleading guilty included "not less than ten years and up

3

to life imprisonment." (Id. at 38.) She affirmed she understood that the court would consult the advisory sentencing guidelines and the 3553(a) factors to determine her sentence, that she and her counsel had "discussed these advisory guidelines and statutory factors," and that she "understood how these advisory guidelines and statutory factors [applied] in [her] case." (Id. at 38-39.)

Movant also affirmed she understood that after the court determined the applicable sentencing guideline, the court had "the authority in certain circumstances to impose a sentence that may be higher … than what the advisory guidelines call[ed] for." (Id. at 40.) Movant acknowledged she understood her guilty plea would result in waiver of her "right to collaterally attack and/or appeal" her plea, conviction, or sentence. (Id. at 40.) Movant's counsel affirmed movant's "voluntary, knowing and intelligent wavier of [her] right to collaterally attack and/or appeal." (Id.)

Before movant formally entered a guilty plea, government counsel stated the elements of the crimes to which movant intended to plead guilty and movant acknowledged she understood those elements. (ER 42.) Movant also acknowledged and adopted the truth of the factual basis for her plea, affirming that she read the entire factual basis and that "everything contained in [it was] true and correct.[1]" (Id. at 42-43.) After movant entered formal guilty pleas to Counts Two and Three of the superseding indictment, the court found her "fully competent and capable of entering an informed plea," found that she "made a voluntary, knowing and intelligent wavier of all her constitutional rights," and accepted her pleas and adjudged her guilty. (Id. at 43A.)

In anticipation of movant's sentencing, the U.S. Probation Office prepared and disclosed a presentence report ("PSR"), which calculated the applicable guideline range as 360-life and recommended a sentence of 210 months. (See ECF No. 54, ¶¶ 33-71.) At movant's sentencing hearing on May 28, 2015, defense counsel asked for a sentence at the statutory minimum of 120 months. (ER 11-13.) The government recommended a sentence of 292 months, the low end of the stipulated range in the plea agreement, which the court imposed. (Id. at 15-22; 23-26.) The Court also imposed a 60-month term of supervised release, ordered movant to pay a special

---

[1] The factual basis for the plea can be found at ER 59-62.

4

assessment of $200, and waived any fine. (ECF No. 61, ER 2-6A.) The court acknowledged that the sentence imposed triggered the appeal and collateral attack waiver in movant's plea agreement. (ER 25). However, the court apprised movant that if she felt the waiver was unenforceable or illegal, she must file a notice of appeal within 14 days from the date the court entered judgment. (Id.) The court entered judgment on June 3, 2015. (ECF No. 61; ER 2-6A.) On June 19, 2015, movant filed a pro se notice of appeal. (ECF No. 62; ER 1.)

On July 15, 2015, the Ninth Circuit appointed attorney Quinn Denvir to represent movant in her appeal. (Ex. 2 to Gov't's Answ. (ECF No. 77-2).)

On October 9, 2015, Denvir filed an Anders brief and a motion to withdraw pursuant to Circuit Rule 4-1(c)(6).[2] Denvir's Anders brief identified four potential issues: (i) whether movant's waiver of appeal is valid and enforceable; (ii) whether movant's guilty pleas were voluntary; (iii) whether the sentencing guidelines were properly calculated; and (iv) whether the sentence imposed was reasonable. (Ex. 4 to Gov't's Answ. (ECF No. 77-4).) On October 29, 2015, the Ninth Circuit invited movant to file a pro se supplemental brief "raising, in her own words, any issues in her case…." (Ex. 2 to Gov't's Answ. (ECF No. 77-2).) Movant did not file a pro se brief. On March 7, 2016, the Ninth Circuit issued a memorandum opinion in which it held: "Hicks has waived the right to appeal her convictions and sentences. Because the record discloses no arguable issue as to the validity of the waiver, we dismiss Hicks's appeal." United States v. Hicks, 633 F. App'x 435 (9th Cir. 2016) (citing United States v. Watson, 582 F.3d 974, 986-88 (9th Cir. 2009)). In the same opinion, the court granted Denvir's motion to withdraw as appointed counsel.

## MOTION TO VACATE

Movant alleges (1) her due process rights were violated because she did not understand the consequences of her plea; and (2) her Sixth Amendment rights were violated because (a) her attorney failed to file an appeal and to petition for a writ of certiorari; (b) her attorney failed to

---

[2] Rule 4-1(c)(6) acknowledges that appellate counsel need not file a merits brief if he finds that all issues on appeal would be "wholly frivolous." See also Anders v. California, 366 U.S. 738, 744 (1967). If appellate counsel makes such a finding after consciontiously examining the case, "he should so advise the court and request permission to withdraw." Id.

5

explain the appeal process and sentencing range, and (c) her attorney failed to petition the court for a mental health evaluation. (Oct. 11, 2016 Mot. to Vacate (ECF No. 73).) In response, the government asks the court to dismiss the motion based on movant's waiver of her right to seek collateral relief under 28 U.S.C. § 2255.

The court first addresses the government's argument that the § 2255 motion should be dismissed because movant's claims are encompassed by the waiver of appeal and collateral attack in the plea agreement. Although that argument is colorable and well-supported by the record, movant couches most of her claims here as ineffective assistance of counsel claims. The Ninth Circuit Court of Appeals has suggested that a defendant may not waive an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) ("We therefore hold that a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver."); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) (noting, in the context of a section 2255 motion, that "[w]e doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain"); see also Givens v. Sisto, No. C 08-05231 JW (PR), 2010 WL 1875766 (N.D. Cal. May 7, 2010) ("the only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead.") Nevertheless, even assuming, without deciding, that movant's claims were not waived, they fail on the merits.

**I.     Applicable Legal Standards**

**A.  Standards for Motions Pursuant to 28 U.S.C. § 2255**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United

States. Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis, 417 U.S. at 346; see also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

**B. Standards for Ineffective Assistance of Counsel Claims**

To succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

**1. Deficient Performance**

Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." Strickland, 466 U.S. at 687–88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 687).

A reviewing court is required to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 669; see also Richter, 562 U.S. at 107. Reviewing courts must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. This presumption of reasonableness means that the court must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the range of possible reasons [defense] counsel may have had for proceeding as they did." Cullen v. Pinholster, 563 U.S. 170,

7

195 (2011) (internal quotation marks and alterations omitted).

### 2. Prejudice

The second part of the Strickland test requires a movant to show that counsel's conduct prejudiced him or her. Strickland, 466 U.S. at 691-92. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one "'sufficient to undermine confidence in the outcome.'" Summerlin v. Schriro, 427 F.3d 623, 640 (9th Cir. 2005) (quoting Strickland, 466 U.S. at 693). "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between Strickland's prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" Richter, 562 U.S. at 112 (quoting Strickland, 466 U.S. at 693). "The likelihood of a different result must be substantial, not just conceivable." Id.

When determining whether a movant has been prejudiced, the court considers the cumulative effect of counsel's errors. See Harris v. Wood, 64 F.3d 1432, 1438–39 (9th Cir. 1995) (finding cumulative prejudice from counsel's performance that was "deficient in eleven ways, eight of them undisputed" which "obviates the need to analyze the individual prejudicial effect of each deficiency," but noting that "some of the deficiencies [may be] individually prejudicial"); see also Montana v. Egelhoff, 518 U.S. 37, 53 (1996) (The combined effect of multiple errors at trial violates due process where it renders the trial fundamentally unfair. (Citing Chambers v. Mississippi, 410 U.S. 284 (1973).); Taylor v. Kentucky, 436 U.S. 478, 487 n.15 (1978). The Ninth Circuit has described the standard for evaluating cumulative error on habeas as "determining whether the combined effect of multiple errors rendered a criminal defense 'far less persuasive' and had a 'substantial and injurious effect of influence' on the jury's verdict." Parle v. Runnels, 505 F.3d 922, 928 (9th Cir. 2007).

**C. Due Process Standards for Guilty Plea**

A guilty plea must be knowing, intelligent and voluntary. Brady v. United States, 397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). "The voluntariness of [a petitioner's] guilty plea can be determined only by considering all of the relevant circumstances

surrounding it." Brady, 397 F.2d at 749. In Blackledge v. Allison, 431 U.S. 63 (1977), the Supreme Court addressed the presumption of verity to be given the record of plea proceeding when the plea is subsequently subject to a collateral challenge. While noting that the defendant's representations at the time of his guilty plea are not "invariably insurmountable" when challenging the voluntariness of his plea, the Supreme Court stated that, nonetheless, the defendant's representations, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings" and that "[s]olemn declarations in open court carry a strong presumption of verity." Id. at 74; see also Marshall v. Lonberger, 459 U.S. 422, 437 (1983) (plea presumed valid in habeas proceeding when pleading defendant was represented by counsel); Little v. Crawford, 449 F.3d 1075, 1081 (9th Cir. 2006); Chizen v. Hunter, 809 F.2d 560, 561 (9th Cir. 1986).

## II. Movant's Claims

### A. Ineffective Assistance of Counsel

#### 1. Failure to File Appeal and Petition for Certiorari

In her first claim, movant contends her defense counsel was ineffective for failing to file an appeal or a petition for a writ of certiorari. (ECF No. 73 at 4.) She provides no further explanation for this claim. As set out above, when she plead guilty, movant specifically waived the right to file a motion to vacate her sentence. (See ER 25.) While the law governing waivers of the rights to appellate and collateral review excludes some ineffective assistance of counsel claims, those exclusions are limited to ineffective assistance of counsel claims regarding the nature of counsel's advice to plead guilty. Therefore, movant's waiver applies in this case unless it was not voluntarily and intelligently made. Those issues are the subject of movant's other two ineffective assistance of counsel claims.

#### 2. Failure to Explain the Appeals Process and the Sentencing Range

Movant next alleges her counsel acted unreasonably when they failed to explain the appeals process and sentencing range to her. (ECF No. 73 at 6.) Again, movant makes this conclusory statement and provides no additional information. The record before the court shows that movant was fully informed that by pleading guilty she was relinquishing her right to appeal

9

1 | her conviction and sentence and was fully informed about the range of sentences, which range
2 | included the sentence she received.

At the change of plea hearing, movant's attorney explained that the parties anticipated the sentencing range would be 292 to 365 months. (ER 35 (ECF No. 77-1 at 39).) After explaining that the government may recommend up to a 50 percent reduction in movant's sentence based on her assistance to the government, the attorney continued, "The defendant understands that the government may recommend a reduction of her sentence of less than 50 percent or no reduction at all depending on the level of assistance the government determines the defendant provided." (Id. at 36.) The attorney also explained that movant was specifically giving up her right to appeal and to collaterally attack the guilty plea, conviction, and sentence. (Id.)

The court then asked movant whether she understood the terms of her plea agreement. She responded, "yes." (ER 37 (ECF No. 77-1 at 41).) The court further explained that the maximum possible penalty for movant's crimes was life imprisonment and that the court had discretion not to follow the government's recommendations for sentencing. (Id. at 38, 39-40.) Movant responded that she understood. (Id.)

Movant further testified at the change of plea hearing that she had never been treated for a mental illness or for addiction to drugs or alcohol. (ER 32 (ECF No. 77-1 at 36).) Her attorney stated that he felt movant was competent to enter the plea and had waived her right to appeal and collaterally attack voluntarily, knowingly, and intelligently. (Id. at 32, 40.) The court found movant was "fully competent and capable of entering an informed plea . . . and further that [movant] has made a voluntary, knowing and intelligent waiver of all her constitutional rights." (Id. at 44.)

Movant provides no basis for this court to recommend additional evidentiary development of the facts surrounding her plea, her waiver of her rights, or her sentence. See United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003) (to be entitled to an evidentiary hearing the movant must provide specific factual allegations which, if true, state a claim on which relief under § 2255 could be granted); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984).

////

### 3. Failure to Petition Court for Mental Health Evaluation

In her final ineffective assistance of counsel claim, movant contends defense counsel should have sought a mental health evaluation because she had "documented" mental health issues from past abuse and "it is unknown whether she could comprehend or endure the court proceedings." (ECF No. 73 at 8.) Movant does not explain what documentation counsel disregarded. Further, she fails to show any prejudice by concluding only that it is "unknown" whether she could comprehend the court proceedings. She does not contend that she was, in fact, unable to comprehend the proceedings.

During the sentencing hearing, movant's counsel explained to the court movant's history of abuse. (ER 12-13 (ECF No. 77-1 at 16-17).) Knowing of this abuse, counsel informed the court that he had no doubt about movant's competence to enter a plea or waive her rights. As described above, the record before the court shows no basis to find movant did not understand her plea or was otherwise incompetent at the time she changed her plea or at the time of sentencing.

For the foregoing reasons, this court recommends movant's ineffective assistance of counsel claims be denied.

### B. Due Process Claim

Movant also makes a claim under the Due Process Clause and, essentially, a Sixth Amendment claim of ineffective assistance of counsel, that she did not understand that she could receive the sentence she did. However, there is no basis to make that finding. As described above, counsel set out movant's agreement during the change of plea hearing and the court made clear that it could impose a sentence over that recommended by the government. Movant stated on the record that she understood her sentence could be more than recommended. In fact, movant's sentence was that recommended by the government and at the low end of the possible sentences set out in the plea agreement. Movant's due process claim and any related ineffective assistance of counsel claim should fail as well.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (ECF No. 73) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-02430-MCE-DB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, she shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 7, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/hick0190.2255 fr